People v Robles (2026 NY Slip Op 01741)

People v Robles

2026 NY Slip Op 01741

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ. 

Ind. No. 72175/23|Appeal No. 6185|Case No. 2024-06777|

[*1]The People of the State of New York, Respondent,
vSaint Robles, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (David M. Cohn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeffrey M. Zimmerman, J.), rendered October 10, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of three years, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his excessive sentence claim (see People v Pineda, 232 AD3d 554, 554 [1st Dept 2024], lv denied 43 NY3d 965 [2025]). In any event, we perceive no basis for reducing the sentence.
Defendant's valid appeal waiver does not foreclose from review of his challenge to the constitutionality of New York's firearm licensing scheme, and he has standing to raise that claim (see People v Johnson, — NY3d —, —, 2025 NY Slip Op 06528, *2 [2025]). However, defendant's Second Amendment challenge is unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; People v Watts, 234 AD3d 620, 621 [1st Dept 2025], lv denied 43 NY3d 1059 [2025]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant has failed to establish that the instant indictment is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
Defendant also failed to preserve any challenge to the constitutionality of the indictment based on the charge of Penal Law § 265.02(8), which prohibits the possession of large-capacity ammunition feeding devices (see Cabrera, 41 NY3d at 42-51; Watts, 234 AD3d at 621), and we decline to review such claim in the interest of justice. In any event, this challenge is moot because defendant was not convicted of that offense (see People v Ruiz, 146 AD3d 417, 417 [1st Dept 2017], lv denied 28 NY3d 1188 [2017]).
Defendant's contention that his counsel rendered ineffective assistance in failing to raise his Second Amendment challenge is unreviewable on direct appeal as it involves matters not reflected in the record, and it must be raised in a CPL 440.10 motion (seePeople v Martinez, 231 AD3d 448, 449 [1st Dept 2024], lv denied 42 NY3d 1081 [2025]). As an alternative holding, and to the extent the record allows review, we find
that he was not deprived of the effective assistance of counsel by counsel's failure to challenge New York's good moral character provision (see People v Caban, 5 NY3d 143, 152 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026